# CARROLL,

## JULY TERM, A. D. 1859.

### STATE *v.* WEBSTER.

All unnecessary words in an indictment may, on trial or arrest of judgment, be rejected as surplusage, if the indictment will be good after striking them out.

Where the offence described in an indictment is a complicated one, comprehending in itself various circumstances, each of which is an offence, a respondent charged with a greater offence, thus described, may be convicted of one of lesser degree contained in it.

Upon an indictment for assaulting and obstructing an officer in the service of process, a conviction may be had for assault and battery only.

To give the court jurisdiction of such an indictment, it is not necessary that there be a preliminary examination before a magistrate; and a conviction upon it for assault and battery simply, does not oust the court of jurisdiction.

INDICTMENT, for assaulting and obstructing an officer. The indictment charged that the respondent, with force and arms, in and upon one Charles H. Parker, being one of the deputy-sheriffs of the county, and being in the lawful execution of his office in the service of a warrant against certain persons unknown, of whom Samuel Fowler was one, in a criminal case, founded upon a complaint against said persons unknown, of whom said Samuel Fowler was one, for the crime of assault and battery upon one William B. Hodge, did make an assault, and him, the said Charles H. Parker, " did then and there beat, bruise,

wound and ill treat, and in the due and lawful execution of his said office, in the service of said warrant, did then and there unlawfully and knowingly obstruct, oppose and hinder, and other wrongs to the said Charles H. Parker then and there did," &c.

Upon the trial there was evidence upon which the court instructed the jury that the warrant referred to in the indictment and held by the officer was illegal and void. The jury were further instructed, that if the defendant was guilty of an assault and battery upon the officer, they might, under this indictment, find a verdict for assault and battery, although there was no evidence that any preliminary proceedings for an assault had been had before a justice of the peace.

A verdict for assault and battery being returned, the counsel for the prisoner filed exceptions.

*L. D. Sawyer,* Solicitor, for the State.

*Batchelder* and *Eastman,* for the respondent.

EASTMAN, J. All unnecessary words in an indictment may, on trial or arrest of judgment, be rejected as surplusage, if the indictment will be good upon striking them out. *State* v. *Bailey,* 31 N. H. 521; Wharton's Cr. Law 165; 1 Ch. Cr. Law 238; *Rex* v. *Edwards & Morris,* Leach 127; *Commonwealth* v. *Arnold,* 4 Pick. 251; *Commonwealth* v. *Hunt,* 4 Pick. 252.

By striking out in this indictment the words " certain persons unknown, of whom," and the words " was one ;" and again, the words, " said persons unknown, of whom" and " was one," and the indictment is in proper form, as founded upon section 5, chapter 217, Revised Statutes, for assaulting and obstructing the officer.

If distinct and separate offences are contained in one count in an indictment, judgment will be arrested. *State*

v. *Fowler,* 28 N. H. 184; *State* v. *Nelson,* 8 N. H. 163; *Commonwealth* v. *Symonds,* 2 Mass. 163; *King* v. *Roberts,* Carth. 226; 2 Burrows 983; 4 Mod. 103; 2 Hawk. P. C., sect. 89, ch. 25, b. 2.

But where the offence described in the count is a complicated one, comprehending in itself various circumstances, each of which is an offence, a respondent, charged with a greater offence, thus described, may be convicted of one of lesser degree contained in it. Wharton's Cr. Law 97, 141; 1 Chitty's Cr. Law 250; *State* v. *Gaffney,* Rice 431; *State* v. *Nelson,* 8 N. H. 164; 2 East's P. C. 515, 516; 1 Leach 88.

Thus, upon an indictment for murder a conviction may be had for manslaughter; 1 Hale 449; 2 Hale 302; 1 Ch. Cr. Law 251; Wharton 167; upon an indictment for burglary and larceny, a conviction for larceny. *People* v. *McGowan,* 17 Wend. 386; *State* v. *Cooper,* 1 Greenl. 361; 1 Chitty's Cr. Law 250. So, under an indictment for highway robbery, the respondent may be found guilty only of larceny. 1 Hale 534; 2 East P. C. 736, 784.

In an indictment for an assault with intent to kill, the offender may be convicted of assault and battery only. Wharton 97; *Stewart* v. *State,* 5 Ohio 242. And in *State* v. *Morrison,* 2 Iredell 9, it was held that where an indictment in one count charges a rescue, and also an assault and battery, and the defendant is convicted generally, if the averments as to the rescue are uncertain or bad, these may be rejected as superfluous and immaterial, and the court may proceed to pass judgment upon the verdict as for an assault and battery.

Upon the same principle, that where a minor offence is included in a greater, the defendant may be acquitted of the latter and convicted of the former, it is laid down in Wharton, that, in a misdemeanor for assaulting an officer when in the execution of his duty, and thereby obstructing public justice, the defendant may be convicted of the

simple assault. Wharton's Cr. Law 164. The jury on the trial may find a verdict on so much as is proved, rejecting that part in which the evidence fails, if there still remains sufficient foundation for a legal charge. 1 Chitty's Cr. Law 232; *King* v. *Osmer*, 5 East 304; Wharton 97.

In describing the offence set forth in the statute for assaulting and obstructing an officer in the service of process, it is necessary to allege the assault as a part of the offence. It is one of the circumstances going to make up the greater offence of resisting and obstructing the officer, but is of itself an offence when independently considered. The indictment here—after dispensing with unnecessary words to which we have alluded—is in the usual and prescribed form, and sets forth an assault and battery, and an obstruction of the officer in serving the warrant. The evidence failing to substantiate the greater offence, the jury, under the instructions of the court, returned a verdict for an assault and battery. The verdict is not a general one, so as to make it objectionable on the ground of variance from the proof, but specific for the assault and battery simply, according to the special instructions of the court. It is a verdict for a lesser offence embraced in a larger one, and as such is sustained by the authorities; and if there is no objection to it by reason of the provisions of the statute and the practice of the court, requiring that in cases of assault and battery preliminary proceedings must be had before a justice of the peace, the verdict may stand.

In *State* v. *Hilton*, 32 N. H. 285, it was held that an indictment for an assault and battery under the statute must show that proceedings upon a complaint and warrant before a justice of the peace were had, and that the respondent was bound over to the court of Common Pleas. In that case an attempt was made to draw the indictment for an assault with intent to kill, but by a clerical error a

material part was omitted, so that the indictment stood as one for simple assault and battery, and the trial was had upon it as such.  And hence it fell within the condemnation of the statute of being an indictment for a simple assault and battery, without any preliminary proceedings being set forth so as to give the Common Pleas jurisdiction.  It is not intimated, in the opinion delivered in that case, that, had the indictment been in proper form, for an assault with intent to kill, it would not have been upheld, but the contrary would seem to be the inference from the observations that were made.  The decision in that case, therefore, is no embarrassment to the prosecution here.

We think it is quite plain that the statute applies to simple assaults and batteries alone, the intention being to confine the trial of such offences to justices of the peace, subject to an appeal, and to an indictment in aggravated cases where the offenders are bound over.  It does not apply to higher offences, a description of which necessarily includes an assault and battery; such as an assault with intent to kill, an assault with intent to ravish, an assault and false imprisonment, and an assault and obstructing officers.  An indictment may be found in all such cases without any preliminary examination before a magistrate; and if upon the trial the evidence fails to sustain the indictment to the full extent, the court are not thereby ousted of their jurisdiction.  The grand jury find the matter as it appears before them, and present to the court an indictment for an offence, which requires no preliminary proceedings before a justice of the peace, and of which the court have jurisdiction in the first instance; and having that jurisdiction it is not in any way affected by the result of the trial.

Such was the character of the indictment and trial in the present case, and we see no good reason why there should not be

*Judgment on the verdict.*