Strafford,
No. 4637.

STATE *v.* SHERMAN A. GOODWIN.

Argued February 4, 1958.
Decided March 20, 1958.

*Louis C. Wyman*, Attorney General and *John J. Zimmerman*, Assistant Attorney General (*Mr. Zimmerman* orally), for the State.

*Fisher, Parsons & Moran* (*Mr. Moran* orally), for the defendant.

WHEELER, J. RSA 580:30 provides, "If any person, being the duly appointed or acting administrator of the estate or executor of the last will of a person deceased, or guardian of any minor or insane person, or trustee, or other person acting in any fiduciary capacity, shall embezzle or fraudulently convert to his own use, or fraudulently secrete with intent so to do, any money, bill, note or security for money, evidence of debt or other effects or property whatever, in his possession as administrator, executor, guardian, trustee, or in any other fiduciary capacity as aforesaid, he shall be fined . . . . "

"In indictments for offenses created by statute, it is, in general sufficient to describe the offense in the words of the statute, and if . . . a defendant insists upon the insufficiency of such an indictment, it devolves upon him to show that, from the obvious intention of the Legislature, or the known principles of law, the case falls within some exception to such general rule." *State v. Abbott*, 31 N. H. 434, 438, 439. But an indictment so drawn does not always meet the constitutional requirements that a fair and full description of the offense charged must be alleged. *State v. Gilbert*, 89 N. H. 134; 42 C.J. S. 1039.

Our court has declared on many occasions, that an indictment is sufficient if it informs the defendant of the nature and cause of the action with sufficient definiteness so he can prepare for trial. *State v. Clapp*, 94 N. H. 62; *State v. Langelier*, 95 N. H. 97; *State v. Ellard*, 95 N. H. 217; *State v. Story*, 97 N. H. 141. Gradually the courts came to realize that much of "the tautology and prolixity" which characterized indictments at early common law could safely be disregarded without impinging upon the constitutional rights of the defendant. 4 Wharton, Criminal Law

and Procedure, *s.* 1758; 24 Harv. L. Rev. 290, 294. The salutary progress made by modern courts in dispensing with many of the technicalities and prolixities which characterized indictments at early common law does not, however, dispense with the requirement that an indictment shall fully state all of the essential elements of the offense charged.

The statute (RSA 580:30) after defining the fiduciaries embraced within its scope also includes anyone acting "in any other fiduciary capacity as aforesaid . . . ." The specific fiduciary capacity in which the defendant acted is not defined in the indictment other than the averment that the funds entrusted to him were "for the purpose of investing said sum of money for the said Grace Abbott, in property in New Hampshire . . . ." A general statement that one acts in a fiduciary capacity is a legal conclusion and without further specifications is insufficient. "All facts necessary to support this conclusion should have been specifically averred." *State* v. *Piper,* 73 N. H. 226, 229; 42 C. J. S. 1040. A fiduciary relationship other than a well known one such as described in RSA 580:30 by the words "administrator," "executor," "guardian" or "trustee" should be set out in reasonable detail in the indictment. The words "fiduciary capacity" used in these indictments are too general and vague to enable the defendant to properly prepare for trial in the absence of specification as to the nature and type of the fiduciary capacity. In our view the indictments are fatally defective.

The failure of the indictments to describe the place of residence of the party defrauded, if technically defective, is immaterial if her true identity may be rightly understood. RSA 601:8; 27 Am. Jur., Indictments and Informations, *s.* 80, *p.* 642. Nor is the failure to recite a more particular description of the property embezzled reversible error. The amount alleged to have been embezzled was sufficiently described. *State* v. *Canatella,* 96 N. H. 202.

*Indictments quashed.*

Duncan, J., dissented; the others concurred.