**UNITED STATES of America, Appellee,**

v.

**Clifford David PRICE, Appellant.**

No. 489–70.

United States Court of Appeals, Tenth Circuit.

June 17, 1971.

James Yates, Kansas City, Kan., for appellant.

Glen S. Kelly, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., Kansas City, Kan., was with him on the brief), for appellee.

Before LEWIS, Chief Judge, and JONES* and PICKETT, Circuit Judges.

LEWIS, Chief Judge.

Price, an inmate of the United States Penitentiary at Leavenworth, was convicted of a violation of 18 U.S.C. § 111[1] committed against a correctional officer at that penitentiary. He appeals, asserting insufficiency of the evidence and procedural errors require reversal of the

---

* Of the Fifth Circuit, sitting by designation.

1. Whoever forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties, shall be fined not more than $5,000 or imprisoned not more than three years, or both.

judgment. We conclude that the record is free from prejudicial error and affirm.

■ The evidence is uncontradicted that during the breakfast hour at the penitentiary Price was ordered taken from the mess area to the institution's control area as a disciplinary matter. The order was given by the senior officer in charge and was violently resisted by Price through conduct that required him to be physically overcome by a group of control officers. Price does not deny the altercation but insists that the order was unjust and thus unlawful. We do not pause to discuss this argument at length for it is patently untenable. Just or unjust, the preliminary order was made in the course of internal discipline by an officer authorized to make such order and the remedy to test justification of an order of this nature lies within the administrative processes at the institution and not in the prisoner's subjective choice to physically resist. The evidence is clearly sufficient to support the judgment.

■ Appellant next urges that the trial court abused its discretion in refusing requests for two writs of habeas corpus ad testificandum intended to produce two inmates who witnessed the circumstances surrounding the instant controversy but who, at time of trial, had been transferred to other federal penitentiaries. Such right to have a defense witness produced is of course not absolute, Speers v. United Staes, 10 Cir., 387 F.2d 698, but denial of that right, while within the trial court's discretionary zone, must be premised on a careful consideration to assure the accused his sixth amendment rights. Involved in the consideration must be the materiality of the testimony sought and necessity of it for an adequate defense. While the record before us contains only the district court's summary order denying the request and not the court's reasons therefor, a review of the two affidavits on which the requests were predicated reveals nothing that would have aided appellant in preparing his defense to the actual commission of the offense. The testimony sought would have been cumulative and directed to the question of whether Price deserved discipline and not to the fact of his physical resistance. The court did not err.

■■ Error is also asserted in failure to give and in giving certain instructions to the jury, and in failure to provide defense counsel with a copy of the instructions given. There is no requirement that the latter be done, Martin v. United States, 10 Cir., 404 F.2d 640, and no instructions were tendered by appellant below, nor was any objection taken to those given. Absent clear error, no appellate argument can be predicated on tardy objections, Fed.R. Crim.P. 30; there is no clear error here.

■ After the jury had deliberated for 47 minutes, it sent a note to the court stating: "We wish to know if the defendent (sic) must be found guilty of *all* of the charges or of only 1 or part of the charges." The indictment, purportedly cast in the language of § 111, charged that appellant did forcibly assault, resist, oppose, impede, intimidate *and* interfere with James T. Mitchell. (The statute is in the disjunctive. See n. 1.) The question from the jury was apparently premised on a misunderstanding as to whether appellant must be found guilty of each specific act stated. The court responded to the question by correctly reading § 111. Appellant here objects and contends that it was improper to read § 111 without advising that the government must prove each element beyond a reasonable doubt. The contention is without foundation. The inquiry was as to the numerous "charges" appearing in the indictment, not the elements of the offense; the jury was properly instructed that the government must prove all elements beyond a reasonable doubt and no error can be premised on the court's response to the jury inquiry. The fact that the indictment erroneously charged in the conjunctive does not render it invalid or the judg-

ment erroneous. Cunningham v. United States, 5 Cir., 356 F.2d 454, cert. denied, 384 U.S. 952, 86 S.Ct. 1573, 16 L.Ed.2d 548.

Other contentions made by appellant have been considered and are without merit.

Affirmed.