Hillsborough
No. 6914

STATE OF NEW HAMPSHIRE

v.

RICHARD J. BERGERON

February 28, 1975

*Warren B. Rudman,* attorney general, and *W. John Funk,* attorney (*Mr. Funk* orally), for the State.

*Spaloss & Rosson (Mr. Loren H. Rosson, Jr.,* orally) for the defendant.

KENISON, C.J. Defendant appeals from a jury conviction in

superior court of obstructing a police officer and disorderly conduct. RSA 587:8 (repealed November 1, 1973; *see* RSA 642:2); RSA 570:1 (superseded by RSA ch. 644, November 1, 1973). *Keller,* C.J., reserved and transferred defendant's exceptions to the denial of his motions to dismiss the charges and to set aside the verdict, and to the overruling of his objections to parts of the court's charge to the jury.

The convictions originate from an incident that occurred September 29, 1972, at Holman Stadium in Nashua. In the course of maintaining order at a rock concert, two police officers arrested a young man for drunk and disorderly conduct. There was evidence that the young man resisted arrest, compelling the officers to subdue him. A hostile crowd of young people including defendant congregated at the scene of the arrest.

Defendant criticized the amount of force employed by the officers in effecting the arrest. When repeatedly ordered by the officers to move from their path, defendant refused to do so with the result that the officers had to brush by him in order to carry the arrested man to a waiting police car. After defendant replied "F--k you. Make me." to the fourth request to move, one of the officers arrested him for disorderly conduct. Although the testimony conflicts as to the extent of the scuffle, a struggle ensued between the defendant and the two officers before defendant's arrest was completed.

In district court, defendant was found guilty as charged of disorderly conduct (RSA 570:1), drunkenness (RSA 570:14), assaulting each of the police officers (RSA 587:5) and obstructing a police officer (RSA 587:8). On appeal to superior court the two charges for assault were dismissed on defendant's motion at the close of the evidence; the charge of drunkenness was not prosecuted.

The first two issues in this case are whether the multiplicity of the State's charges prejudiced the defense and whether there was sufficient evidence to support the verdict under RSA 587:8. In addition, defendant questions whether the trial court erred in charging the jury that either assault or obstruction was sufficient for conviction under RSA 587:8 and in failing to instruct the jury as to the lesser included offense of assault.

## I. Multiplicity of Charges

Defendant contends that the multiple charges of the complaints were so "duplicitous, confusing and harassing" that he was not informed of the accusations against him with sufficient definiteness to prepare adequately for trial. To support his contention he relies

on the facts that five complaints were filed as the result of one incident and that the superior court dismissed two complaints for assault under RSA 587:5 because they "charged essentially the same thing" as the one for obstruction under RSA 587:8.

The proliferation of statutory offenses in recent years has increased the possibility that a single act may violate more than one statutory provision. Note, 50 Minn. L. Rev. 1102, 1105 (1966); Remington and Joseph, *Charging, Convicting and Sentencing the Multiple Criminal Defendant,* 1961 Wis. L. Rev. 528, 529. Whether multiple complaints will be drawn under more than one statutory provision for a single act lies within the sound exercise of prosecutorial discretion. ABA Standards Relating to Criminal Justice, The Prosecution Function and The Defense Function § 3.9(e) (Approved Draft, 1971); Remington and Joseph, *supra* at 530. "When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense." ALI Model Penal Code § 1.07(1) (Proposed Official Draft, 1962); see 1 L. Orfield, Criminal Procedure Under the Federal Rules § 8.41, at 796 (1966); ABA Standards Relating to Criminal Justice, Joinder and Severance, §§ 1.3 and 3.1 (Approved Draft, 1968); *cf.* Fed. R. Crim. P. 8(a). Due to the necessarily fragmentary nature of the evidence before him at the charging stage, the prosecutor must have broad discretion in drawing the charges. The trial court has the power to correct any errors that might be made in the exercise of that discretion. ABA Standards Relating to Criminal Justice, The Prosecution Function and The Defense Function, Comment to § 3.9(e) at 98 (Approved Draft, 1971).

On the basis of the record we do not find that the filing of five complaints constituted an abuse of the prosecutor's discretion which prejudiced the defendant. Each of the five complaints was sufficiently specific to inform the defendant of what he had to be prepared to meet at trial. *State v. Inselburg,* 114 N.H. 824, 828, 330 A.2d 457, 459 (1974); *State v. Hoyt,* 114 N.H. 256, 258, 319 A.2d 286, 287 (1974); *State v. Greenwood,* 113 N.H. 625, 626, 312 A.2d 695, 696 (1973). The fact that the charges for assault under RSA 587:5 were essentially the same as the one for obstruction under RSA 587:8 was recognized at an early stage by both the defendant and the trial court. That defendant was not confused by the charges is shown by his success in having two of them dismissed. Although "overcharging" by the prosecutor poses dangers of confusion and harassment, under the circumstances of this case any danger was eliminated in the course of trial in accordance

with accepted standards. ABA Standards Relating to Criminal Justice, The Prosecution Function and The Defense Function, Comment to § 3.9(e) at 97-98 (Approved Draft, 1971).

## II. Charges to the Jury

In its instructions to the jury relative to RSA 587:8 (Obstructing an Officer), the trial court charged that the State had to prove "that the particular defendant assaulted one of the two police officers *or* that the defendant obstructed one of the two officers." (Emphasis added.) This charge was in accord with the specific statutory language of RSA 587:8 which provided "[i]f any person shall wilfully assault or obstruct any officer . . . he shall be imprisoned not more than six months, or fined not more than one hundred dollars." However, since the complaint states that defendant "did make an assault *and* willfully obstruct . . . ." (emphasis added) defendant maintains that there is a prejudicial variance between the complaint and the instruction.

The purpose of phrasing the complaint in the conjunctive even though the statute is in the disjunctive is to eliminate the possibility of uncertainty. 4 F. Wharton, Criminal Procedure § 1798, at 631, (R. Anderson ed. 1957) (Supp. 1974, at 116-17); 1 L. Orfield, Criminal Procedure Under the Federal Rules § 7:107, at 687 (1966) (Supp. 1974, at 72); *Crain v. United States,* 162 U.S. 625, 636 (1895). In specifying that defendant was accused of assaulting and obstructing an officer, the complaint put the defense on notice that it would have to prepare a rebuttal on both counts. By referring to the relevant statute, RSA 587:8, the complaint informed defendant that either an assault or an obstruction would be sufficient for conviction. Since defendant had ample notice of what the charge under RSA 587:8 entailed, there was no prejudice occasioned by the discrepancy between the complaint and the instruction to the jury. *United States v. Price,* 444 F.2d 248, 250 (10th Cir. 1971); 1 L. Orfield, Criminal Procedure Under the Federal Rules § 8:12, at 757, § 8:39, at 795 (1966).

Defendant further argues that the trial court erred in failing to instruct the jury as to the lesser included offense of assault. RSA 585:21. Although it is the duty of a trial court to instruct the jury as to a lesser included offense where conviction might be based on it, if it is clear that a lesser degree of guilt is not involved, there is no error in failing to give the instruction. *State v. O'Brien,* 114 N.H. 233, 235-36, 317 A.2d 783, 784-85 (1974); *State v. Bacon,* 114 N.H. 306, 310, 319 A.2d 636, 639 (1974); 5 F. Wharton, Criminal Procedure § 2099, at 268 (R. Anderson ed.

1957) (Supp. 1974, at 161); *see* Remington and Joseph, *Charging, Convicting and Sentencing The Multiple Criminal Defendant,* 1961 Wis. L. Rev. 528, 542. Since both RSA 585:21 (Assaults) and RSA 587:8 (Obstructing an Officer) provided the same punishment *(i.e.,* a fine of not more than $100 and imprisonment for not more than six months), no instruction was necessary in this case.

Finally, defendant contends that there was insufficient evidence to support a conviction under RSA 587:8. Direct testimony by one of the police officers indicated that defendant hit him in the chest and kicked him in the leg. Although this testimony was disputed, resolution of conflicts in testimony is for the trier of fact. *State v. Reed,* 106 N.H. 140, 141, 207 A.2d 443, 444 (1965).

*Exceptions overruled.*

All concurred.