Hampton District Court
No. 7203

STATE OF NEW HAMPSHIRE

v.

JACK GOODWIN

January 31, 1976

*Warren B. Rudman,* attorney general, and *Peter W. Heed,* attorney appearing pursuant to Rule 23 *(Mr. Heed* orally), for the State.

*Junkins & Gillis (Mr. Laurence J. Gillis* orally) for the defendant.

LAMPRON, J. The issue presented here is whether an individual is placed in double jeopardy when he is charged with multiple offenses arising out of the same act and prosecuted for those offenses in a consolidated action.

While operating a motor vehicle near Seabrook, New Hampshire, the defendant, Jack Goodwin, was stopped, arrested, and charged with violations of RSA 262-A:62 (Supp. 1975) (driving while intoxicated); RSA 318-B:26 I (b) (2) (Supp. 1975) (possession of marijuana); and RSA 262-A:62-a (Supp. 1975) (operating a motor vehicle while knowingly having in possession or in any part of the vehicle a controlled drug). A separate complaint was drawn for each alleged violation. The prosecutor chose to prosecute all violations charged. At Hampton District Court, in advance of trial, the defendant moved to dismiss either of the drug-related charges on the grounds of double jeopardy. He maintained that the possession charged was necessarily incidental to the transportation offense. *Gray,* J., reserved and transferred the case without a hearing or ruling on the merits of the question presented. The court proceeded on the DWI charge and found the defendant not guilty.

Defendant's motion is based upon a misconception of the protection afforded by the double jeopardy clauses of the fifth amendment of the United States Constitution, applicable to the States through the fourteenth amendment, and by part I, article 16 of the New Hampshire constitution. It is clear that double jeopardy does not prevent the threat of twice being punished for the same act, but instead it forbids twice being tried and convicted for the same offense. *State v. Collins,* 115 N.H. 499, 345 A.2d 162, 164 (1975); *State v. Smith,* 98 N.H. 149, 150, 95 A.2d 789, 791 (1953); *see Breed v. Jones,* 421 U.S. 519, 532 (1975). The defendant here has been merely charged with two drug-related offenses arising from the same act and both are being prosecuted. This does not constitute double jeopardy. *State v. Collins supra.*

The issue of duplicity or multiplicity of charges in this case was answered in our recent decision of *State v. Bergeron,* 115 N.H. 70, 333 A.2d 721 (1975). Broad discretion must be given to the prosecutor in drawing charges. Any errors that might be made in the exercise of that discretion may be properly corrected by the trial court. *Id.* at 72, 333 A.2d at 723.

*Motion to dismiss denied.*

All concurred.