Hillsborough
No. 78-089
No. 78-091

### THE STATE OF NEW HAMPSHIRE

v.

### ROBERT W. BUSSIERE

### THE STATE OF NEW HAMPSHIRE

v.

### RONALD G. DUPUIS

September 27, 1978

*Thomas D. Rath,* attorney general (*John C. Boeckeler,* assistant attorney general, orally), for the State.

*Brown & Nixon P.A.,* of Manchester (*David W. Hess* orally), for defendant Bussiere.

*Sheehan, Phinney, Bass & Green P.A.,* of Manchester (*Henry B. Stebbins* orally), for defendant Dupuis.

BOIS, J.    Four indictments were entered against each of the two defendants. Defendant Bussiere moved to quash three of the indictments against him; defendant Dupuis moved to quash all four. The motions were denied by *Flynn,* J., who reserved and transferred all questions of law raised by the defendants' exceptions.

We first consider defendant Bussiere's motion to quash indictments. He initially excepts to the two indictments charging him with violations of RSA 632-A:2 (Supp. 1977). One indictment alleges that on a specified date and at a specified place Bussiere:

> did purposely engage in sexual penetration in the form of sexual intercourse with [a named victim], not his spouse, when the victim . . . did submit to such sexual penetration by Robert W. Bussiere under circumstances involving kidnapping. . . .

The other RSA 632-A:2 (Supp. 1977) indictment alleges that on a specified date and at a specified place Bussiere:

> did purposely engage in sexual penetration by placing his penis into the mouth of [the named victim], not his

spouse, when the victim . . . did submit to such sexual penetration by Robert W. Bussiere under circumstances involving kidnapping. . . .

Bussiere first argues that the indictments are duplicative because they both charge the commission of the same offense. He cites *State v. Harlan*, 116 N.H. 598, 364 A.2d 1254 (1976), for the proposition that duplicative indictments are impermissible. In that case we quashed certain indictments that alleged theft by deception. Those indictments charged the commission of the same crimes charged by other indictments. They differed only in their allegations of the means by which the crimes were committed. In the case at bar, however, *Harlan* is inapplicable, for the two indictments asserted to be duplicative charge *separate* crimes.

In *People v. Robinson*, 264 N.W.2d 58 (Mich. App. 1978), the court held that Michigan law defines intercourse and fellatio as being two separate sexual penetrations, and that: "A defendant may be convicted and punished for each act of sexual penetration." *Id.* at 62. RSA ch. 632-A is patterned after the Michigan criminal sexual conduct statutes, *see* N.H.H.R. Jour. 600 (1975), and we find *Robinson* persuasive. We therefore hold that a defendant may be separately indicted for and convicted of proscribed intercourse and fellatio, two separate offenses against the person.

Bussiere's second argument has more merit. He argues that the two RSA 632-A:2 (Supp. 1977) indictments are insufficient because they fail to fully set forth the offenses charged. Although the indictments describe the offenses in the words of the statute, we have repeatedly held that this alone " 'does not always meet the constitutional requirements that a fair and full description of the offense must be alleged.' " *State v. Bean*, 117 N.H. 185, 187–88, 371 A.2d 1152, 1153 (1977), *quoting State v. Gilbert*, 89 N.H. 134, 194 A. 728 (1937). An indictment is sufficient only if it "clearly sets out all of the necessary elements constituting the offense." *State v. Inselburg*, 114 N.H. 824, 827, 330 A.2d 457, 459 (1974); *see* N.H. CONST. pt. I, art. 15; RSA 601:4. We hold that an indictment alleging that a victim submitted to sexual penetration under circumstances involving kidnapping must enumerate the facts establishing the necessary elements of the offense of kidnapping. *See State v. Elkins*, 216 Ore. 509, 339 P.2d 715 (1959).

The State submits that: "Kidnapping has a generally understood meaning which is consistent with the criminal code defini-

tion of the crime" and therefore does not need to be delimited by the indictment. An indictment is not sufficient merely because the State deems a crime charged in an indictment to be generally understood; the necessary elements of the crime must be included in it. We would not sustain an indictment which only charges the substantive crime of kidnapping, without stating the facts constituting the necessary elements of the offense. Such an indictment neither informs the defendant of the particular charges against him nor enables him to "plead his conviction or acquittal as a bar to further prosecution for the same offense. . . ." 41 Am. Jur. 2d *Indictments and Informations* § 93 (1968), *citing State v. Goodwin*, 101 N.H. 252, 139 A.2d 630 (1958). We therefore quash the two RSA 632-A:2 (Supp. 1977) indictments entered against defendant Bussiere. *See* Attorney General Law Enforcement Manual 117 (1970, as amended February 1, 1974).

■ The remaining claims raised by Bussiere relate to the indictment that charges him with being an accomplice to attempted murder. The indictment charges that on a specified date and at a specified place Bussiere

> with the purpose of promoting or facilitating the commission of the offense of murder, did aid Ronald G. Dupuis in committing the said offense by striking the victim . . . about the head with a club in that Ronald G. Dupuis did with a purpose to commit the crime of murder, purposely commit the following acts which under the circumstances as he believed them to be constituted a substantial step toward the commission of the crime of murder in that Ronald G. Dupuis did purposely stab the said [victim] in the area of her neck after having been engaged in the commission of the crime of aggravated felonious sexual assault with the said victim. . . .

Bussiere first argues that the indictment is insufficient because it fails to charge that he acted purposely when he acted "with the purpose of promoting or facilitating the commission of the offense. . . ." We reject this argument. It is true that, under RSA 626:2 I, "A person is guilty of murder, a felony, or a misdemeanor only if he acts purposely, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense." RSA 626:2 I, however, further states that: "When the law defining an offense prescribes the kind of culpability that is sufficient for its commission, without distinguishing among the material elements thereof,

such culpability shall apply to all the material elements. . . ." RSA 626:8 provides that a person is an accomplice if he aided the principal actor "with the purpose of promoting or facilitating the commission of the offense. . . ." In the present case, the indictment tracks the statutory mens rea requirement verbatim. We hold that RSA 626:2 I does not, as defendant Bussiere seems to argue, require an indictment to charge redundantly that a person charged as an accomplice of another *purposely* acted with *purpose* of promoting or facilitating the commission of an offense.

■ The second error Bussiere assigns concerning the accomplice-to-attempted-murder indictment is that it is "deficient and defective in that it suggests a murder was committed" when in fact the alleged victim survived. We agree that the indictment appears to suggest incorrectly that the alleged victim was actually murdered; however, we do not think this is sufficient ground to quash the indictment. The error is not substantive. According to RSA 601:8, "No indictment . . . in any criminal case . . . shall be . . . quashed . . . for any error or mistake where the person or case may be rightly understood by the court [,] . . . and courts and justices may, on motion, order amendments in any such case." At trial the lower court may strike the words "in committing the said offense" as surplusage. *See State v. McPhail*, 116 N.H. 440, 362 A.2d 199 (1976); *State v. Webster*, 39 N.H. 96 (1859). *See generally* Annot., 17 A.L.R.3d 1285 (1968).

■ We next consider the motions to quash filed by defendant Dupuis. Dupuis also was charged in two indictments; first, engaging in sexual intercourse "under circumstances involving kidnapping"; and second, engaging in fellatio "under circumstances involving kidnapping." These indictments are not duplicative; however, they do fail to particularize the facts constituting the "circumstances involving kidnapping." For this reason, we quash the two RSA 632-A:2 (Supp. 1977) indictments against Dupuis.

The denial of the motion to quash the accomplice-to-kidnapping indictment against Dupuis was proper. That indictment charges that on a specified date and at a specified place Dupuis

did with the purpose of promoting or facilitating the offense of kidnapping, did [sic] aid one Robert W. Bussiere in committing the offense of kidnapping by transporting [the victim] against her will in a motor vehicle . . . with the intent to commit an offense against the said [victim], that offense being aggravated felonious sexual assault. . . .

The defendant asserts that in order to be held criminally liable for the conduct of a kidnapper, he must, "at the very least, have knowledge of the intent of the person doing the kidnapping." Without holding that this statement of the law is correct, we rule that the allegation in the indictment that Dupuis "with the purpose of promoting or facilitating the offense of kidnapping did aid" Bussiere, who "knowingly" confined the victim "with the intent to commit an offense" against her, is sufficient to charge that Dupuis acted with knowledge of Bussiere's intent.

Finally, we agree that the attempted-murder indictment against Dupuis should be quashed. It charges that on a specific date and at a specific place Dupuis did

> with a purpose to commit the crime of murder, purposely commit the following acts which under the circumstances as he believed them to be, constituted a substantial step toward the commission of the said crime, to wit: did purposely stab [the victim] in the area of her neck after having been engaged in the commission of the crime of aggravated felonious sexual assault with the said victim . . .

From the above language, it is unclear what crime Dupuis is being indicted for. By reading this indictment, Dupuis could not know whether he has been indicted for attempting to purposely cause the death of another, RSA 630:1-a I(a), or for attempting to knowingly cause the death of another after having been engaged in the commission of rape, RSA 630:1-a I(b)(1), *See State v. Inselburg*, 114 N.H. 824, 330 A.2d 457 (1974). If it is the latter, the indictment suffers from the additional infirmity of failing to describe sufficiently the circumstances under which Dupuis is alleged to have engaged in the commission of aggravated felonious sexual assault on the victim. We therefore quash this indictment.

Nothing in this opinion should be construed as barring the State from reconvening a grand jury to reindict the defendants. We note, however, as we did in *State v. Luv Pharmacy, Inc.*, 118 N.H. 398, 388 A.2d 190 (1978), that much time and effort could be saved if the State would carefully draft indictments.

*Exceptions sustained in part,*
*overruled in part..*

GRIMES, J., did not sit; the others concurred.