# STATE *v.* LINCOLN.

Counts charging distinct offences of the same general nature may be joined in one indictment against the same defendant, where both counts, in fact, relate to the same transaction, being severally introduced for the purpose of meeting the evidence as it may transpire upon the trial; and in such case the prosecutor will not ordinarily be put to an election of counts upon which to proceed. But the court will take care, not only that the respondent is not convicted of two offences upon the same indictment, but, also, that he is not embarrassed in the presentation of his defence; and if it appear to the court, in the course of the trial, that the different offences charged, do not relate to the same transaction, the judge may, at any stage of the proceedings, put the prosecutor to his election, or quash the indictment.

Subject to such supervision and control of the indictment and the cause, counts for embezzlement and for obtaining the same money by false pretences may be joined in the same indictment.

In this state, therefore, if but one transaction be intended to be charged and prosecuted, a count charging a misdemeanor may be joined with a count in the same indictment, charging an offence which is ordinarily denominated a felony.

Indictment against Frank A. Lincoln for obtaining money of one John J. Leavitt, a debtor of Burgess & Faxon, by falsely representing to him that he was the authorized collector of said Burgess & Faxon, and empowered to receive payment of the debt due from said Leavitt to them, by means of which he obtained the amount of such debt. There was another count in the same indictment, charging that the respondent was the agent of said Burgess & Faxon, and authorized to receive payment of a debt due from said Leavitt to them—that he did receive it, and embezzled the money.

The defendant moved to quash the indictment for a misjoinder of counts, but the court, *pro forma*, denied the motion, and the defendant excepted.

*Frink* and *Hills*, for the respondent.

I.   The defendant is charged with two distinct crimes in the indictment, and

II.   The one is a felony, and the other is a misdemeanor.

No court ever permitted a prisoner to be tried for two distinct and separate crimes on one indictment. *State* v. *Nelson*, 8 N. H. 165. The prosecution can never charge a defendant with different felonies in different counts. *State* v. *Canterbury*, 28 N. H. 227. The only seeming qualification of the rule, in our state, is, that the same felony may be charged in different ways. *Ibid*. And in some states, that offences of the same general nature, where the mode of trial and the nature of the punishment are also the same, may be included in one indictment. Such as the joinder of a count for the larceny of certain goods on a day named, with one for larceny of the same goods on another day named. *State* v. *Hood*, 51 Me. 363. Or, a joinder of a count for breaking and entering a dwelling-house with intent to steal, with one for larceny in the same place. *Carlton* v. *Commonwealth*, 5 Met. 532.

In these cases it is manifest, that it was the intention of the pleader to charge but one offence.

The defence to the one count, in the cases cited, must be substantially the same, as to the other, and the evidence tending to establish the one established the other, in whole or in part.

There is, therefore, no confusion of defences, because the same evidence substantially proves or disproves both counts of the indictment.

Practically, these indictments alleged but two different grades of the same offences.

But in the case at bar, two entirely distinct offences are charged, differing in their nature, degree, mode of proof, and punishment. The first count in the indictment alleges that the defendant falsely pretended he was an agent, and this false pretence was the ground-work of the charge. The second count alleges, that the defendant was an agent, and so embezzled the money of his principal, and the averment of his agency is the substantial allegation of the count.

Now it is impossible for the defendant to traverse both of these charges. By this joinder of counts, the prosecution compels the admission upon trial, of one or the other of the substantial averments. The defendant is deprived of one of the strong points of his defence; that the state shall directly prove its case, without reliance on the testimony or admission of the defendant and his witnesses. It is difficult for us to imagine a case in which the defence can be more embarrassed than by being compelled to meet such inconsistent charges. Nor is there any excuse for permitting the state such latitude in the case at bar.

The prosecution have the evidence, within their own control, by which they can prove or disprove the defendant's agency, and it should not be allowed the opportunity of arguing to a jury, that this fact of agency is proved, as they set it out, either the one way or the other, by the defendant's admission.

It is too much a game of " tails I win, and heads you lose " to meet the encouragement of a court of law.

Again: the punishments involved in the two offences are different. The one is a fine—or imprisonment; the other is a fine and—imprisonment. Gen. Stat. chap. 257.

Upon a general verdict of guilty, what judgment should the court direct? It is utterly impossible that the defendant can be guilty of both offences charged; so the imposition of the sum of the punishments, or even the greater one, might be rank injustice; the imposition of the lesser one would not satisfy the verdict. If, therefore, there can be no legal judgment upon a general verdict of guilty, under the indictment, we take it, that the court will not prescribe the defendant to be tried under it, as now constructed.

III.   But, technically regarded, there is no answer to the motion to quash.

The general rule is, if the legal judgment would be different, as in felony and misdemeanors, then the joinder of several counts would be void.   1 Bish. Cr. Law 184; Bish. Cr. Prac. 198; Whar. Cr. Law (edit. 1855) 205; Story. Cr. Pl. 46.

All the counts must be for felonies or misdemeanors.   1 Arch. Pr. and Pl. 309.   And this defect may be taken advantage of, upon motion to quash.   Whar. Cr. Law 204; 1 Bis. Cr. Prac. 166.

The crime of obtaining goods under false pretences is a misdemeanor; 3 Arch. Pr. and Pl. 464; while that of embezzlement is a felony; 3 Arch. Pr. and Pl. 448.

IV.   The indictment is vicious by reason of repugnancy ; the one count charging agency, and the other denying it.   Both allegations cannot be true.   If there ever was  a  case  of inconsistency and repugnancy arising upon the counts of an indictment, it is to be found in this instrument.   The one count affirms what the other denies.

It is entirely uncertain, what the  government really rely upon before trial to support the accusation, and it will be equally uncertain, after verdict, for what a conviction has been had, if one is obtained. *State* v. *Gray*, 36 N. H. 359.

*Small*, solicitor, for the state.

The punishment for embezzlement is fine *and* imprisonment ; and for getting money under false pretences, fine *or* imprisonment ;  and the defendant says these offences are such as could not have been joined in the indictment under different counts ;  that one is felony, and the other a misdemeanor, and that the punishment is different.

I.   There is no objection to stating the same offence in as many different ways in different counts in the indictment, as you may think necessary ; although the judgment, in several counts, may be different, provided all of the counts be for felonies, or all for misdemeanors.   1 Wat. Archb. 93—1.

In point of law, several felonies, or several misdemeanors may be charged in several counts, in one indictment ; though the judge, in case of felonies, may, in his discretion, require the prosecuting officer to elect upon which count he will proceed, and to abandon the others.   1 Wat. Arch. 94—3 and note 1 and authorities there cited ;   Whart. Cr. Precedents, 2 and note ; 1  Whart. Cr. Law §§ 414, 422, 423.

But an election will not be compelled, where the several counts are introduced, merely to meet the evidence as it may come in.   1 Whart. Cr. Law § 416.

The fact then that the judgments may be different, is no test of the propriety of joining those counts.

II.   Felonies and misdemeanors may be joined under different counts in the same indictment.   This may be done in all cases where the misdemeanor is a constituent part of the felony.   Whart. Prec. 2 and note ; Whart. Cr. Law § 414-427 ; 1 Wat. Archb. 94—3 and note.

And the cases go further, and show that where the misdemeanor, instead of being a constituent part of the felony is merely a corrolary to it ; as in the case of larceny and the receiving of stolen goods the two offences may be coupled.—*Id.*

An indictment will not be quashed, nor will the prosecutor be put to his election, although there are two or more offences charged in separate counts in the indictment, and not technically of the same grade, where the several counts introduced solely for the purpose of meeting the evidence as it may transpire ; the charges being for substantially the same offence.   Whart. Cr. Law § 416, 423, and authorities there cited.

In the present case but one offence is really included in the indictment; and the different counts are inserted to meet the evidence as it may appear after the defendant testfiies. No harm can come to the defendant by this method of stating the offence in this case, that would not happen in any case of joining different counts, as for distinct offences, where but one offence was really committed. In practice the courts require the jury to find, and they do find, upon what count the defendant is guilty.

It is said the indictment is vicious, for repugnancy. It would be of little service to insert different counts, in each of which the statement of the offence would be consistent with every other count.

Indictments for murder, wherein many counts are often inserted, each stating the death to have been produced by different means, each inconsistent with every other, must be extremely vicious, if this is so.

I submit that the defendant's law is almost as "vicious," as his acts.

FOSTER, J. The respondent's exception to this indictment is that it embraces two distinct offences, of a different character; the one being a felony, and the other a misdemeanor; and that, by reason of this joinder, he is compelled, in making his defence to one count, to admit the allegations of the other.

We think it is quite apparent that the purpose of the prosecuting officer in this case was to charge the respondent with but one criminal transaction; but the offence was described in different ways, for the purpose of meeting the evidence as it might transpire on the trial, and to avoid the escape of a guilty party, through the loop-hole of a mere technicality. There is no objection to this form of criminal pleading, under proper rules and restrictions.

It is analagous to the forms of declarations in civil actions; and is admissible for the same purposes, in criminal as well as civil causes.

It is never admitted, however, where it becomes apparent that injustice may result from it, or the prisoner be put to such inconvenience or embarrassment as may prevent a full and fair exhibition of his defence.

Nevertheless, even if the prisoner cannot be embarrassed in his defence by the joinder of these counts in the same indictment, he is entitled to any benefit that may accrue to him by reason of any departure from the requisite forms of criminal pleading.

And he claims that under established rules, the two offences described in these several counts cannot be joined in the same indictment.

As already suggested, where the purpose of the prosecuting officer is to charge a single transaction, but he is in doubt whether the evidence may support an indictment for one offence or another, it is usual to insert two or more counts. "And no doubt can be entertained," says Mr. Chitty, "that this course is as legal as it is advanta-

geous; for it is even no objection, either upon demurrer, or arrest of judgment, that separate offences *of the same nature*, are joined against the same defendant," 1 Chitty Crim. Law, 248.    Therefore a count for embezzlement may be joined with a count for larceny, because both these offences are felonies at common law and by various statutes in England, 1 Chitty Cr. Law 254.    But every separate count should charge the defendant, as if he had committed a distinct offence, because it is upon the principle of the joinder of offences, that the joinder of counts is admitted.    1 Chitty Cr. Law 249; 1 Bishop on Cr. Procedure § § 183, 184, 197.

Yet, if in felonies, and sometimes in misdemeanors, the judge finds it to be fact, and not fiction, (upon which principle alone one distinct charge is represented as several offences) that there are more offences than one, intended to be embraced in the same indictment, he will arrest the proceedings, 1 Bishop Cr. Proc. § 183.

But it is said that a count for felony cannot be joined in the same indictment with a count for a misdemeanor; and that this indictment presents both a felony and a misdemeanor in its several counts.

What is a felony and what a misdemeanor by our law, and in the criminal jurisprudence of many other states of the union is not always easy to determine.    In some states the distinction is made and defined by statute.    But it is not so in New Hampshire and it may seriously be doubted whether felony, in any proper or practical use of the term, is or can be recognized in ourr criminal jurisprudence.    And, since here, as in the United States generally, there can be no forfeiture of estate or goods, as a punishment for crime, the word felony has lost its characteristic and original meaning.    Offences as to their designation in this respect, if the distinction becomes important, must be defined by the interpretation of the common law, and in that light, the term felony here is perhaps generally used to denote any high crime, punishable by death or imprisonment in the the States Prison; offences of that character being such only as by the English law formerly had the penalty of forfeiture attached as an additional punishment.    Such a criterion would not, however, be strictly correct, because larceny, for example, is undoubtedly regarded as a felony, though the value of the money or goods stolen may be so small as to render the offence not punishable by imprisonment in the State Prison.    2 Bishop on Cr. Law § 875.

And the two offences here joined are each so much of the nature of larceny that by analogy, both might be considered as felonies.    Moreover, by our law, either offence may be punished by imprisonment in the State Prison; and the fact that one of these offences *may,* but does not, by necessary force of the statute, receive a lighter punishment, would not reduce the character of the offence from felony to misdemeanor, if that character is determinable by the degree of punishment which *may* be prescribed, since that degree is not dependant at all upon the value of the money or goods fraudulently appropriated.    Gen. Stats. ch. 257, § § 1, 8.    If, then, the offence charged in each count may be regarded as a felony, (and though ex-

pressed as distinct offences, the purpose is apparent to present but one transaction,) there is no objection, as we have seen, to the joinder of the two counts in the same indictment.

But in the uncertainty which involves the character of the two offences here charged, we will adopt the arbitrary definition of some of the text writers, who, without explanation, make a distinction between the character of these offences, and designate the obtaining of money by false pretences as a misdemeanor, and embezzlement as a felony.

We shall then find that the only reason which forbids the joinder of a count for felony with a count for misdemeanor, in the same indictment, contrary to the rule which permits the joinder of separate felonies, rests in the practice of the English and some of the American courts, which forbids a conviction for a misdemeanor only, on an indictment for a felony. 1 Bishop's Crim. Law §§ 814–823; 1 Bishop's Crim. Proc. § 198, and authorities cited in note 3.

But in states where there can be a conviction for misdemeanor on an indictment for felony, counts for felony and misdemeanor may, under some circumstances, be properly joined. "It is true," said Dewey, J., in *Commonwealth* v. *McLaughlin*, 12 Cush. 612, "that, generally speaking, offences differing in their natures, one being a felony and the other a misdemeanor, ought not to be joined. But the practice in this commonwealth has fully sustained a joinder of such counts where they have been a kindred line of offences. It is allowed always where several counts are introduced for the purpose of meeting the evidence as it may transpire on the trial, all the counts being substantially for the same offence." And in Maryland, to a count in an indictment charging a rape which is a felony, may be added a count charging an assault with intent to commit a rape, which, in that state, is only a misdemeanor. *State* v. *Sutton*, 4 Gill. 494; *Burke* v. *The State*, 2 Har. & J. 426.

And, in accordance with the well settled practice in this state, there may be a conviction of a misdemeanor upon an indictment for felony; as, for example, upon an indictment for an assault with intent to kill, a conviction may be had of a simple assault and battery. *State* v. *Webster*, 39 N. H. 96; *State* v. *Hilton*, 32 N. H. 285; *State* v. *Nelson*, 8 N. H. 163.

We apprehend there need be no practical difficulty in the enforcement of the rule as we have now declared it.

It is true that where different offences may properly be joined in one indictment, the prosecutor will not ordinarily, at the outset of the trial, be put to his election upon which count he will proceed. To require such an election would take away all the advantages to be derived from the opportunity of adapting the evidence as it may be disclosed, to the various statements of the same transaction; but the court will always take care, not only that the prisoner is not convicted of two offences upon the same indictment, but also that he is not embarrassed in the fair and full presentation of his defence. And to this end, the judge, in the progress of the trial, and before the

accused is put to his defence, may, in his discretion, make such orders, as shall secure to him the full enjoyment and benefit of his rights.

Thus, if in the progress of the trial, it shall appear that the different offences charged do not relate to one transaction, but to two different offences, the judge may, at any stage of the proceedings, quash the indictment or put the prosecutor to his election. If, on the other hand, it shall appear, after all the evidence for the prosecution has been heard, that but one transaction is covered by the evidence, although it is so charged in the indictment that upon a general verdict it may be doubtful as to which of several offences the respondent may be guilty of, the court may, at that stage of the proceedings, compel an election of counts by the prosecutor; or, the court, after a general verdict, may inquire of the jury, of which offence they have found the prisoner guilty, and so adapt their judgment to the finding of the jury.

Such, according to the authorities, we believe to be the practice of the courts in various jurisdictions, and it would seem that only by the exercise of a liberal but wise and truly legal discretion, can substantial justice in a great variety of instances be attained. See 1 Bishop on Crim. Proc. §§ 205–213 ; *The State* v. *Porter*, 26 Mo. 201 ; *Hampton* v. *The State*, 8 Humph. 69 ; *McGregg* v. *The State*, 4 Blackf. 101 ; *Baker* v. *The State*, 4 Pike 56 ; *Kane* v. *The People*, 8 Wend. 203 ; *United States* v. *Pirates*, 5 Wheaton 201 ; *The State* v. *Canterbury*, 28 N. H. 226 ; *The State* v. *Fly*, 26 Me. 312 ; *The State* v. *Marvin*, 35 N. H. 26 ; Wharton's Crim. Law 204, 207 ; 1 Archb. Cr. Pl. 95.

In the present case, we think it is quite probable that the respondent would encounter serious embarrassment in the full and fair exhibition of his defence, if the government were allowed to rely upon both counts in the indictment.

In one count he is charged with embezzling the money of Burgess & Faxon, which came lawfully into his possession as their agent. In the other count, it is charged that he was not their agent at all, but by means of a false pretence of agency, he obtained the money. In order to prove the charge of embezzlement, the government must establish the fact of the agency, and in order to defend against the charge of obtaining money by false pretences, the respondent *may* be required to admit and to prove that he *was* the agent of Burgess & Faxon.

Whether the respondent may be put to disadvantage and embarrassment by this predicament is a question of fact, addressed to the discretion of the presiding judge ; and it is not improbable that, upon the trial, the presiding judge may feel compelled to require the prosecuting officer to elect upon which count he will proceed.

But upon the facts properly addressed to our consideration, such a result is not to be assumed ; and in the present stage of the proceedings, the respondent is not placed in such jeopardy as to call for any extraordinary interposition of the court. The motion to quash the indictment is denied.