Strafford,
Dec. 3, 1940. } No. 3208.

MERCHANTS MUTUAL CASUALTY COMPANY

*v.*

ANNIE SMITH, ADM'X OF FRANCIS SMITH, HARRY WINEBAUM,
FRED WIGGIN AND AMERICAN EMPLOYERS' INSURANCE COMPANY.

*Devine & Tobin*, for the plaintiff.

*William H. Sleeper* (by brief and orally), for the defendant Annie Smith, administratrix.

*Arthur E. Sewall* and *Samuel Levy*, for the defendants Winebaum and Wiggin.

*Sheehan & Phinney* (*Mr. Sheehan* orally), for the defendant American Employers' Insurance Company.

BRANCH, J.   The motion of the defendant, American Employers' Insurance Company, hereinafter called the defendant, for rulings of law upon the issues presented at the trial, was properly denied. The evidence clearly established the fact that there were two persons in the truck at the time of the accident, namely, the deceased and the defendant Fred Wiggin.   The Presiding Justice reports that "the evidence as to which of the parties was operating the truck was in conflict."   An examination of the record indicates that this is not an overstatement of the fact, and it follows that this issue was properly submitted to the jury for decision.

In regard to the second issue, the defendant, Harry Winebaum, testified upon cross-examination as follows: "Q.   Did you own the truck that was involved in this accident?   A.   Yes sir, that's my truck. . . . Q.   And the men that were riding on that truck were

working for you? A. That's right." This testimony alone would have necessitated the denial of the defendant's motion with reference to the second issue and fully sustained the finding of the court thereon.

During the course of the trial, the defendant moved that the testimony of two witnesses, introduced for the purpose of establishing the fact that the defendant Wiggin was operating the truck when the accident occurred, be stricken from the record. It is now insisted that part of this testimony should have been withdrawn from the attention of the jury because it "was not sufficient testimony to establish" the fact, and that the rest of the testimony in question "being remote and irrelevant, was of no assistance to the jury." Obviously the first reason for exclusion above suggested is without merit. The law of evidence does not require that each piece of evidence upon a given issue be "sufficient" to establish the fact. The other grounds for exclusion upon which the defendant relies are equally without merit. The testimony in question was not irrelevant, and the question of remoteness was one upon which the decision of the Presiding Justice must be regarded as final.

Defendant's other exceptions to evidence are of slight importance. The testimony of the witness Lavertue, in which he repeated a remark made by the defendant Wiggin at the scene of the accident immediately after it occurred, was properly admitted as part of the *res gestae.*

Molly Boyle, an aunt of the deceased Francis Smith, testified that she was at the Smith home about two weeks after the accident when Smith's brother returned the clothes worn by the deceased at the time of the accident and that no hat was returned with them. This testimony had reference to the contention of Annie Smith, administratrix, that the driver of the truck at the time of the accident wore a hat but that the deceased never wore a hat and did not own one. Although the testimony in question was not entitled to much weight, it was nevertheless consistent with and confirmatory of the other testimony in the case relating to the habit of the deceased to go bareheaded, and the exercise of discretion involved in its admission will not be revised by this court.

Thomas Winebaum, a brother and business associate of the defendant Harry Winebaum, testified, subject to the defendant's exception, that he hired Francis Smith to work upon the truck in question for his brother. The contention of the defendant that the witness was thus "permitted to testify as a conclusion of law," is frivolous and the exception to the admission of this testimony is overruled.

The most serious question in the case is presented by the defendant's exception to the allowance of a portion of the argument for Annie Smith, administratrix, which in turn involves an antecedent ruling of the court upon certain testimony. Ethel Baker, a witness called by the defendant Annie Smith, administratrix, testified as follows: "Q. Did you hear Mr. Wiggin make any statement that day as to the condition of the truck? . . . A. Well I heard him say, 'You don't suppose it was the damn, the damn brakes again'." This testimony was first "admitted only as bearing on Wiggin's credibility" but after considerable subsequent discussion, the court ruled that it should be stricken out upon the ground that it was not effective as a contradiction of Wiggin's testimony on the stand. The consideration and final disposition of this testimony appears to have proceeded upon the erroneous assumption that the only legitimate purpose for which it could be admitted was to contradict Wiggin's testimony. If, as the record seems to indicate, Wiggin's remark as reported by Mrs. Baker, was made at the scene of the accident immediately after Wiggin had been pulled out from under the wreckage of the truck, it was clearly admissible as part of the *res gestae* without limitation as to the purpose for which it could be used. To such a situation the rule laid down in *Morin* v. *Insurance Company*, 85 N. H. 471, upon which the defendant relies, would be wholly inapplicable. Nevertheless the ruling of the court that this portion of Mrs. Baker's testimony be stricken out became the law of the trial which counsel were not at liberty to ignore.

In the course of his argument to the jury, counsel for the defendant Annie Smith, administratrix, referred to Mrs. Baker's testimony as follows: "*Mr. Sleeper:* I think it was Mrs. Baker, you will remember her face, that honest woman that got on the witness stand, said that she heard him with her own ears after this accident on the same day make a remark about having trouble with that truck, 'I wonder if it is those wheels or brakes' or something, you will remember I know. . . . *Mr. Sheehan:* My objection, misquotation of the evidence, and exception. . . . *Court:* Misquotation. *Mr. Sleeper:* Yes, he claims improper inference, . . . *Court:* He is referring to the written statement having contained some reference to that. It may stand. *Mr. Sheehan:* Subject to my exception."

It is plain from the foregoing excerpt from the record that the only ground of objection urged against the argument was that it constituted a misquotation of the evidence. The objection on this ground was properly overruled, since Mrs. Baker's testimony was

quoted with substantial accuracy. Apparently both court and counsel for all parties had, at this time, forgotten the previous ruling that the testimony in question be stricken out, since no reference to it was made in the colloquy above set forth. The defendant, however, now argues as follows: "In spite of the court's exclusion of this evidence, counsel for Smith, Administratrix, nevertheless wilfully argued it. Thus it amounted to argument not based upon evidence. The court expressly sanctioned it and under the circumstances the verdict must be set aside."

In making this argument counsel for the defendant misconceive the scope and effect of an exception to the allowance of argument. The theory which underlies the treatment of such matters in this jurisdiction is that errors committed by counsel in the course of argument should be corrected and finally disposed of by the Presiding Justice at the trial. *Tuttle* v. *Dodge*, 80 N. H. 304. "Counsel should present his objection in a form calling for a ruling by the court, the presiding justice should allow exceptions only when they relate to a 'ruling, direction or judgment' of the court . . . and this court should consider such exceptions only as have been regularly taken." *Ib.* 312. Viewed in the light of these principles, it is plain that the error of which the defendant now complains was not brought to the attention of the Presiding Justice and he was given no chance to correct it at the trial. Since the question was not presented to the Presiding Justice for decision, no "ruling, direction or judgment" thereon was made by him or transferred to this court. The rule that "this court should consider such exceptions only as have been regularly taken" precludes the acceptance of the argument now advanced and requires that the present exception be overruled.

Defendant's other exceptions to the allowance of argument appear to be without merit. There was sufficient basis in the evidence for the argument that.the Smith boy was asleep in the back of the truck when the accident happened, and the exception to the allowance of this argument must be overruled.

The argument that the man in charge of the truck (Wiggin) would not have gone to sleep in the back part of it and allowed an "unauthorized boy" to do the driving, had reference only to the fact that Smith did not hold a chauffeur's license. This was immediately explained to the jury by the following words: "Unauthorized, I mean not holding a license, not holding a chauffeur's license." Under these circumstances there is no reason to believe that the jury was in any way misled by the use of the word "unauthorized."

The contention that "counsel for Smith, Administratrix, repeatedly argued affirmatively and substantially from the contents of the typewritten transcript of Wiggin's statement . . . and from other evidence limited to the credibility of Wiggin" receives only slight support from the record. It clearly appeared that the defendant Wiggin had, before the trial, signed and made oath to a typewritten statement in which he stated that he was driving the truck at the time of the accident. Upon the witness stand he testified that he was asleep in the back of the truck and that Smith was driving when the accident occurred. In this situation counsel for Mrs. Smith was obviously justified in commenting vigorously upon the fact that Wiggin had made, under oath, two utterly contradictory statements with reference to one of the main points at issue. Counsel for Mrs. Smith availed himself fully of this opportunity but we find no substantial error in his argument.

*Exceptions overruled.*

All concurred.