Merrimack
No. 84-170

# Robert Breest

v.

# Everett I. Perrin

November 13, 1984

*Robert Breest*, by brief, pro se.

*Gregory H. Smith*, attorney general (*John A. Malmberg*, assistant attorney general, on the brief), by brief for the defendant.

BROCK, J.   In this habeas corpus proceeding, the plaintiff, Robert Breest, seeks to set aside his conviction for first degree murder on various grounds. The Superior Court (*O'Neil*, J.) dismissed the petition after reviewing the entire record, including the transcript of the plaintiff's trial. We find no error and affirm.

The instant petition is one in a long series of appeals and habeas corpus petitions filed by this plaintiff in State and federal courts since his conviction in March 1973. *See, e.g., State v. Breest*, 124 N.H. 339, 469 A.2d 1339 (1983); *Martineau v. Perrin*, 119 N.H. 529, 404 A.2d 1100 (1979); *State v. Breest*, 118 N.H. 416, 387 A.2d 643 (1978), *cert. denied*, 442 U.S. 931 (1979); *Breest v. Helgemoe*, 117 N.H. 40, 369 A.2d 612 (1977); *State v. Breest*, 116 N.H. 734, 367 A.2d 1320 (1976); *Breest v. Cunningham*, Civ. No. 84-140-D (D.N.H. April 4, 1984) (ordered; appeal pending); *Breest v. Perrin*, 495 F. Supp. 287 (D.N.H. 1980), *aff'd*, 655 F.2d 1 (1st Cir.), *cert. denied*, 454 U.S. 1059 (1981); *Breest v. Perrin*, 479 F. Supp. 495 (D.N.H. 1979), *aff'd*, 624 F.2d 1112 (1st Cir.), *cert. denied*, 449 U.S. 1020 (1980); *Breest v. Helgemoe*, 579 F.2d 95 (1st Cir.), *cert. denied*, 439 U.S. 933 (1978).

The facts of the case and the evidence produced at trial are described in detail in *State v. Breest*, 116 N.H. at 737–52, 367 A.2d at 1324–34. In the petition now before us, the plaintiff alleges that counsel failed to provide him with effective assistance at his murder trial, *see State v. Guaraldi*, 124 N.H. 93, 98, 467 A.2d 233, 236

(1983); *Strickland v. Washington*, 104 S. Ct. 2052, 2063–69 (1984), and that this, combined with alleged prosecutorial misconduct, resulted in a trial lacking in fundamental due process.

This court has already rejected the plaintiff's claims of prosecutorial misconduct with regard to the nondisclosure of promises made to witness David Carita. *State v. Breest*, 118 N.H. at 419–20, 387 A.2d at 645. Contrary to the plaintiff's allegations, no court has determined that Carita committed perjury, *see State v. Breest*, 118 N.H. at 420–21, 387 A.2d at 645–46; *Breest v. Perrin*, 624 F.2d at 1116 n.3, and both this court and the United States Court of Appeals for the First Circuit have held that any possible nondisclosure could not have influenced the verdict. *State v. Breest*, 118 N.H. at 419–21, 387 A.2d at 645–46; *Breest v. Perrin*, 624 F.2d at 1117.

The plaintiff's other claims of prosecutorial misconduct are not supported by the record. There is no evidence that the chain of custody of petitioner's automobile was ever broken after the car was first seized by the authorities. Nor would the record support a finding that the State submitted false affidavits in later appeals, when it tried to establish the actual course of events regarding Carita's testimony and his dealings with State officials. In any case, it is difficult to see how the fairness of the plaintiff's trial could have been affected by any misconduct occurring subsequent to that trial. Accordingly, we hold that the trial court could reasonably have found the plaintiff's allegations of prosecutorial misconduct to be without any possible merit.

"Both the State and Federal Constitutions guarantee a criminal defendant the right to effective assistance of counsel. [Citation omitted.] The constitutional standard by which we measure the performance of a lawyer representing his client in a criminal case is 'reasonable competence.'" *State v. Guaraldi*, 124 N.H. at 98, 467 A.2d at 236 (quoting *State v. Perron*, 122 N.H. 941, 946, 454 A.2d 422, 424 (1982)); *State v. Staples*, 121 N.H. 959, 437 A.2d 266 (1981). In this case, the plaintiff has not argued that his right to counsel under part I, article 15 of the State Constitution is *broader* than the right guaranteed by the sixth amendment to the Federal Constitution; accordingly, we will turn for guidance to the decisions of the United States Supreme Court that interpret the latter provision. *See State v. Scarborough*, 124 N.H. 363, 368, 470 A.2d 909, 913 (1983); *see also State v. Ball*, 124 N.H. 226, 231–33, 471 A.2d 347, 350–52 (1983).

In *Strickland v. Washington*, 104 S. Ct. at 2064, the Court held that a claim of ineffective assistance of counsel cannot succeed

without a showing that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." The plaintiff must accordingly demonstrate both "that counsel's representation fell below an objective standard of reasonableness," *id.* at 2065, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 2068.

In evaluating the first of these dual criteria, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 2065–66 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

None of the alleged errors cited by the plaintiff in this case can meet the *Strickland* standard. His counsel's decision not to call him or his wife as a witness could easily have been dictated by a desire to avoid placing the plaintiff's criminal record before the jury and to avoid highlighting the contradictions between the plaintiff's alibi defense and the testimony of other witnesses who had seen him in Manchester on the night of the murder. "We will not second-guess the tactical decisions of defense counsel." *State v. Perron*, 122 N.H. at 947, 454 A.2d at 425.

The plaintiff argues that competent counsel would have prevented the admission of certain evidence at his trial, and would have objected to certain portions of the prosecutor's closing argument. Defense counsel did, in fact, object to some of the cited matters—the expert testimony of Roger Beaudoin and the evidence seized from the plaintiff's car on April 13, 1971 and August 11, 1971. This court on a prior occasion upheld the trial court's rulings that the evidence was admissible, *State v. Breest*, 116 N.H. at 746, 748–49, 367 A.2d at 1330, 1331–32, and also noted that the prosecutor in his closing argument "was drawing reasonable inferences from the evidence which did not exceed the bounds of legitimate advocacy." *Id.* at 750, 367 A.2d at 1333. Thus, even if trial counsel had objected to the prosecutor's argument, such an objection would have been unavailing.

There is no support in the record for the plaintiff's claims that some of the evidence was incredible as a matter of law. "[I]t is only in clear cases that the court has seen fit to apply this doctrine [citation omitted], such as in situations where the testimony was

contrary to undisputable physical facts." *Lampesis v. Comolli*, 101 N.H. 279, 283, 140 A.2d 561, 564 (1958). Any inconsistencies in the evidence were for the jury to resolve. *State v. Sliz*, 124 N.H. 389, 391, 469 A.2d 1357, 1359 (1983).

■ Similarly, certain identification testimony, scientific evidence, and evidence concerning the victim's boots were all admissible even though they could not of themselves link the plaintiff to the victim with total certainty. *Cf. Merchants Mutual Cas. Co. v. Smith*, 91 N.H. 204, 206, 17 A.2d 88, 90 (1940). The court could reasonably have found that these items of evidence were relevant; *i.e.*, that they tended to make the plaintiff's guilt more probable than it would have been in their absence. *Cf.* proposed NEW HAMPSHIRE RULES OF EVIDENCE 401. The plaintiff's objections go to the weight of the evidence, not its admissibility.

■ Finally, without deciding whether "reasonably effective" counsel would have objected to a jury instruction that was found unconstitutional five years later, *see Dunn v. Perrin*, 570 F.2d 21, 25 (1st Cir.), *cert. denied*, 437 U.S. 910 (1978), we hold, as did the United States District Court for the District of New Hampshire, that the evidence against the plaintiff was so overwhelming as to render harmless any error in this regard. *Breest v. Perrin*, 495 F. Supp. at 293–94.

The plaintiff has produced nothing to show that any other acts or omissions of his trial counsel could have affected the verdict. Accordingly, we affirm the trial court's dismissal of his petition for a writ of habeas corpus.

*Affirmed.*

SOUTER, J., did not participate; the others concurred.