Hillsborough
No. 83-325

### THE STATE OF NEW HAMPSHIRE

v.

### DAVID ALLISON

February 21, 1985

112

*Gregory H. Smith,* attorney general (*Paul J. Barbadoro,* assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* appellate defender, of Concord, by brief and orally, for the defendant.

SOUTER, J.   Two indictments for second degree murder charged the defendant with the same act causing the death of one Clark. One indictment alleged that the defendant knowingly caused the death of the victim. RSA 630:1-b, I(a). The other alleged that he caused the death recklessly under circumstances manifesting extreme indifference to the value of human life. RSA 630:1-b, I(b). The Superior Court (*Contas,* J.) denied the defendant's pretrial motion to require the State to elect to try only one indictment. Following trial on both, a jury found the defendant guilty of second degree murder. We affirm.

■■   Since the nineteenth century, at least, it has been the general rule in this jurisdiction that the State may proceed to trial on more than one charge, when it seeks only one conviction based on a single act or transaction. Thus, there may be a joint trial of several counts of one indictment, each alleging a different method of committing a given offense, *State v. Canterbury,* 28 N.H. 195, 226–27 (1854), or a joint trial of two separate indictments alleging different methods, *State v. Nelson,* 103 N.H. 478, 485, 175 A.2d 814, 819 (1961), *cert. denied,* 369 U.S. 879 (1962). Under a variant of this rule, a one-count indictment may be good which alleges distinct alternative methods of committing the same offense. *State v. Lacoshus,* 96 N.H. 76, 78, 70 A.2d 203, 205 (1950). And the rule extends to allow the joint trial of separate counts or indictments charging different offenses, when the State seeks one conviction based on one act or transaction. *State v. Coolidge,* 109 N.H. 403, 260 A.2d 547 (1969), *rev'd on other grounds,* 403 U.S. 443 (1971); *State v. Lincoln,* 49 N.H. 464 (1870).

A comparison of these cases indicates that the applicability of the general rule does not turn on the sometimes elusive conceptual distinction between charging separately defined offenses committed by different methods and charging separate offenses arising from the same act or transaction. *Compare State v. Nelson supra with State v. Coolidge supra.* On either analysis the rule rests upon a practical recognition that before trial the evidence may not be completely known, and when introduced may support alternative interpretations and inferences.

██ Because the general rule rests upon the possibility of proving different evidentiary facts, it does not justify the simultaneous prosecution of two charges that are entirely identical in fact as well as in law. *See Heald v. Perron*, 123 N.H. 468, 464 A.2d 275 (1983). And the general rule is subject to exception when the trial court finds that trial upon multiple counts or indictments would prejudice either the defendant's ability to prepare to meet the charges or the jury's ability to deal with them intelligently and dispassionately. *See, e.g., State v. Lincoln supra.* In such a case the trial judge has authority to eliminate the threat of prejudice by requiring the State to elect to try less than all the charges or, if the State refuses, by quashing some of them. *Id.; see State v. Bergeron*, 115 N.H. 70, 72, 333 A.2d 721, 723 (1975); *State v. Hickey*, 459 A.2d 573 (Me. 1983).

In the present case there is no identity of charges that would preclude the application of the general rule, and the defendant claims no prejudice in the sense we have described. He does argue, however, that the long-standing general rule was eliminated by *State v. Harlan*, 116 N.H. 598, 364 A.2d 1254 (1976). In that case, indictments charged certain defendants with a series of acts of theft by deception under RSA 637:4, I. There were two separate indictments based on each act, one indictment alleging that the defendant had committed the theft by reinforcing a false impression, RSA 637:4, II(a), and the other alleging that he had done it by preventing the victim from acquiring pertinent information, RSA 637:4, II(c).

Under the general rule that we have discussed above, the State would have been allowed to go to trial on each indictment, in the absence of any showing of prejudice. Nonetheless, in *Harlan* this court required the dismissal of one indictment from each pair, apparently on the ground that the first section of the theft statute itself eliminated any undue risk of prejudice to the State from a variance between pleading and proof. RSA 637:1 provides in part that "[a]n accusation of theft may be supported by evidence that it was committed in any manner that would be theft under this chapter, notwithstanding the specification of a different manner in the indictment or information." Hence, the court reasoned, there would be no prejudice to the State in requiring dismissal of one indictment; that is, conviction for theft committed by reinforcing a false impression was possible under an indictment charging theft committed by preventing acquisition of pertinent information, and vice versa.

██ *Harlan* thus provided a special rule for theft cases. But it did not overrule or purport to overrule the prior line of cases establishing the general rule. *Harlan* therefore has no application to this

homicide case, and we find no error in the trial court's denial of the defendant's motion.

Before concluding this opinion, we should add a further word about the aspect of *Harlan* in issue here. We agree, of course, that RSA 637:1 allows great latitude in the proof that may suffice under a charge of theft and eliminates the need for formal pleading by multiple counts, indictments or complaints to ensure against the contingencies of proof.

From the fact that multiple pleadings may not be required, however, it does not follow that they should be forbidden. In considering whether *Harlan* was right in forbidding them, it is well to remember that the utility of RSA 637:1 is limited by the defendant's right to fair notice sufficient to allow him to prepare a defense. *See State v. Inselburg*, 114 N.H. 824, 827, 330 A.2d 457, 459 (1974); REPORT OF COMMISSION TO RECOMMEND CODIFICATION OF THE CRIMINAL LAWS § 582:1 comment at 60 (1969); MODEL PENAL CODE § 223.1 comment 2(b) (1980).

When the State wishes to leave open the possibility of proving more than one statutory method of committing theft, therefore, there must be some way to guard against unfair surprise. A bill of particulars can eliminate prejudicial surprise. So can a voluntary disclosure by the prosecution, or a continuance in the face of last minute disclosures. Better than any of these, however, is a formal statement of alternative charges at the start of the case. To the extent that *Harlan* eliminated the possibility of alternative charges of theft arising from a single act or transaction, we would not follow that case today.

*Affirmed.*

All concurred.