Hillsborough
No. 85-181

THE STATE OF NEW HAMPSHIRE

v.

DAVID F. ALLISON

April 11, 1986

*Stephen E. Merrill*, attorney general (*Andrew L. Isaac*, assistant attorney general, on the brief and orally), for the State.

*Marsh & Segal*, of Concord (*Harris Krinsky* on the brief, and *Ronald Ian Segal* orally), for the defendant.

PER CURIAM. In this second appeal arising out of the defendant's conviction for second degree murder, he claims that the Trial Court (*Contas*, J.) erroneously denied his motion for a new trial. He argues that (1) the court's jury instructions were facially contradictory, ambiguous, unintelligible, and erroneous, and thereby deprived him of his due process right to a fair trial, and (2) counsel's failure to preserve this issue denied him effective assistance of counsel. For the reasons that follow, we affirm.

At trial the court instructed the jury on second degree murder, RSA 630:1-b, and the lesser-included offense of manslaughter, RSA 630:2 (Supp. 1983). As a part of the instructions, the court read both the relevant provisions of these statutes and RSA 626:2, II(c), which defines the term "recklessly." At a bench conference the court asked both counsel if they were satisfied with the instructions. Defense counsel entered a general objection and exception, but failed to specify the grounds for his objection. The jury deliberated for less than two hours and, without seeking any clarification of the instructions, convicted the defendant of second degree murder. He appealed the conviction to this court, arguing that the State was required to elect one of the two murder indictments before the case went to the jury, and we affirmed. See State v. Allison, 126 N.H. 111, 489 A.2d 620 (1985). The propriety of the jury instructions was not raised by the appellate defender in the initial appeal. The defendant's subsequent motion for a new trial, filed by defendant's present counsel on appeal, raised the issues now before us.

The defendant concedes that trial counsel failed to raise a specific objection to the trial court's jury instructions, and that the appellate defender did not raise the issue on appeal. Accordingly, this issue has been waived. See State v. Fournier, 123 N.H. 777, 779, 465 A.2d 898, 900 (1983); State v. Niquette, 122 N.H. 870, 873–74, 451 A.2d 1292, 1294 (1982); State v. Josselin, 119 N.H. 936, 937, 409 A.2d 1336, 1336 (1979) (new counsel cannot comb the record on a treasure hunt for issues never properly brought before the trial judge).

The defendant also argues that his former trial and appellate counsel's failure to raise and preserve the issue of the propriety of the jury instructions resulted in ineffective assistance of counsel under the Federal and State Constitutions. U.S. CONST. amend. VI; N.H. CONST. pt. I, art. 15.

We addressed a claim of ineffective assistance in Breest v. Perrin, 125 N.H. 703, 484 A.2d 1192 (1984).

"The constitutional standard by which we measure the performance of a lawyer representing his client in a criminal case is 'reasonable competence.' . . . [A] claim of ineffective assistance of counsel cannot succeed without a showing 'that counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' The [defendant] must accordingly demonstrate both 'that counsel's representation fell below an objective standard of reasonableness,' . . . and 'that there is a reasonable probability that, but for counsel's unprofessional errors,

"the result of the proceeding would have been different.' . . . '[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"

*Id.* at 705–06 (quoting *Strickland v. Washington,* 104 S. Ct. 2052 (1984)) (citations omitted).

In view of the strong presumption of reasonable professional assistance and the record before us, we cannot agree that trial counsel and the appellate defender acted incompetently in failing to raise the propriety of the jury instructions as an issue. Although not a model of clarity, the court's charge to the jury contained accurate instructions, which included quoting the statutory language. Because the instructions, taken as a whole, were sufficient, *see State v. Bird,* 122 N.H. 10, 15, 440 A.2d 441, 443 (1982); *Cupp v. Naughten,* 414 U.S. 141, 146–47 (1973); *United States v. Gibson,* 726 F.2d 869, 874 (1st Cir. 1984), we find that the defendant did not receive ineffective assistance of counsel. Moreover, the record does not disclose any confusion or misunderstanding on the part of the jury regarding the instructions. Accordingly, we affirm.

*Affirmed.*