Strafford
No. 2000-285

THE STATE OF NEW HAMPSHIRE

v.

SCOTT CURRIER

Argued: November 14, 2001
Opinion Issued: August 16, 2002

*Philip T. McLaughlin,* attorney general (*Malinda R. Lawrence,* senior assistant attorney general, on the brief and orally), for the State.

*Kenna, Johnston & Sharkey, PA,* of Manchester (*Kevin E. Sharkey* on the brief and orally), for the defendant.

NADEAU, J. The defendant, Scott Currier, was convicted in Superior Court (*Fauver,* J.) of nine counts of aggravated felonious sexual assault, *see* RSA 632-A:2 (1996) (amended 1997, 1998, 1999), and four counts of felonious sexual assault, *see* RSA 632-A:3 (1996) (amended 1997). On appeal, he argues that: (1) the four comprehensive convictions entered on indictment nos. 596, 597, 598 and 605, should be vacated with prejudice and the nine remaining convictions vacated and remanded for a new trial as

they collectively violated the Double Jeopardy Clause of the New Hampshire Constitution, N.H. CONST. pt. I, art. 16; (2) the trial court erred by deferring until the close of evidence the defendant's motion to dismiss an indictment for attempted aggravated sexual assault, *see* RSA 629:1 (1996) (amended 1999); RSA 632-A:2; and (3) the trial court erred by prohibiting the defendant from questioning the victim as to her familiarity with sexual matters, independent of her contact with the defendant. We reverse and remand.

On the record before us, the jury could have found the following facts. In 1990, the defendant, then fourteen years old, began sexually molesting his six-year-old cousin. The defendant repeatedly molested his cousin for the next five years. In 1998, the victim reported the abuse, resulting in the defendant's arrest. Of the twenty-one original indictments against the defendant, the State *nol prossed* six prior to trial for lack of evidence. At the close of all the evidence, the trial court granted the defendant's earlier motion to dismiss two more indictments. Nine of the remaining indictments charged the defendant with engaging in specific sexual acts against the victim for a period of one to two years. The four remaining indictments (nos. 596, 597, 598 and 605) charged the same acts, but did so over a broader time frame.

At trial, the defendant objected to these indictments, arguing that the State would have to either proceed on single-year or multiple-year indictments. The State argued that the temporally broad indictments were alternative theories to the temporally narrow indictments. The court concluded that the broader indictments were appropriate as alternative theories and recognized that the defendant could not be sentenced on the alternative theories if convicted on the narrower indictments.

Following the State's opening statement, the defendant moved for dismissal of an attempted aggravated felonious sexual assault indictment, arguing that the evidence outlined in the State's opening statement varied fatally from the evidence required to establish the elements of the crime charged in the indictment. The court denied the motion. During the victim's testimony, the defendant renewed the motion. The court deferred ruling, dismissing the indictment at the close of all evidence.

Finally, the defendant attempted to introduce evidence that the victim had been exposed to pornographic videos and sexual paraphernalia prior to reporting the defendant's conduct, thereby providing a basis, independent of the defendant's alleged conduct, for her familiarity with certain sexual activity. The trial court conducted a *Howard* hearing, after which it ruled that the defendant would be permitted to elicit testimony from the victim that she had discovered sexually explicit videos in her father's home, but would not be allowed to cross-examine her regarding

the content of those videos or her exposure to any sexual paraphernalia. *See State v. Howard*, 121 N.H. 53 (1981).

The jury returned guilty verdicts on the remaining thirteen indictments and the defendant was sentenced to two concurrent terms of not more than fifteen years and not less than seven and one-half years in the New Hampshire State Prison on two of the temporally narrow aggravated felonious sexual assault convictions. The defendant was sentenced to a term of not more than ten years and not less than five years, sentence to be suspended, on indictment nos. 590, 591, 593, 594, 596, 597 and 598. In addition, the defendant was sentenced to a term of not more than six years and not less than three years, sentence to be suspended, on indictment nos. 602, 603, 604 and 605.

■ Part I, Article 16 of the New Hampshire Constitution protects an accused against multiple prosecutions and multiple punishments for the same offense. *See State v. Nickles*, 144 N.H. 673, 676 (2000). Double jeopardy bars a subsequent prosecution for the same offense. *See State v. Constant*, 135 N.H. 254, 255 (1992). The State may, however, simultaneously prosecute multiple charges which constitute the same offense based on a single act or transaction provided it seeks a single conviction *and* each charge alleges a distinct, alternative method of committing the offense. *See State v. Allison*, 126 N.H. 111, 113 (1985).

The State concedes that the trial court violated the double jeopardy provisions of both the United States and New Hampshire Constitutions when it sentenced the defendant on both the temporally broad and narrow indictments. The State filed a motion with the trial court to vacate the sentences stemming from those broad indictments. On February 8, 2002, the trial court granted the State's motion and vacated the sentences entered upon indictment nos. 596, 597, 598 and 605.

Vacating the overlapping sentences, however, does not address the defendant's challenge to the State's indictment scheme. The defendant argues that prosecuting him under both temporally narrow and broad indictments constituted a double jeopardy violation. We agree.

■ In *State v. Allison*, 126 N.H. 111, 113 (1985), we affirmed the State's ability to charge a defendant simultaneously with alternative methods of committing the same offense. This general rule "rests upon a practical recognition that before trial the evidence may not be completely known, and when introduced may support alternative interpretations and inferences." *Id.* However, because the general rule rests upon the possibility of proving different evidentiary facts, it does not justify the simultaneous prosecution of two charges identical in fact as well as in law.

*See id.* at 114. The State contends that charging the defendant with temporally narrow indictments, and in the alternative, temporally broad indictments, was necessary because the parties and trial court agreed that the State would be required to prove the specific time element in the temporally narrow indictments beyond a reasonable doubt.

Because the State pursued indictments against the defendant that were temporally narrow, it was concerned that at trial the victim would be unable to remember exactly when certain abuses occurred. To compensate, the State also pursued temporally broad indictments to act as a safety net in the event it failed to prove the time element. The State asks us to find that charging in the alternative is the natural and unavoidable result of pursuing temporally narrow indictments.

■ Neither RSA 632-A:2 nor RSA 632-A:3 requires the State to prove the element of time. Therefore, prosecution for the same act within both a narrow and broad time frame is, in reality, prosecution of two charges identical in fact as well as in law and, therefore, a double jeopardy violation. *See Allison*, 126 N.H. at 114. We recognize that the State faces a difficult challenge when prosecuting a case affected by the passage of time. Nevertheless, the double jeopardy provision of the State Constitution precludes answering that particular challenge by charging the same act in alternative indictments. Rather, the State must choose between an indictment that is temporally narrow or one that is temporally broad, but not both. Accordingly, we reverse the defendant's convictions entered upon the temporally broad indictments, nos. 596, 597, 598 and 605.

We next consider whether the State's overlapping indictment scheme was a violation of due process. *See* U.S. CONST. amend. V, XIV; N.H. CONST. pt. I, art. 15. We analyze the defendant's constitutional claims first under the New Hampshire Constitution, referencing decisions of the United States Supreme Court and other jurisdictions only for the purpose of aiding our State constitutional analysis. *See State v. Cannuli*, 143 N.H. 149, 151 (1998). Because Part I, Article 15 of the New Hampshire Constitution is at least as protective of the defendant's rights as the Due Process Clause of the Fourteenth Amendment, *cf. Knowles v. Warden, N.H. State Prison*, 140 N.H. 387, 389 (1995), and as the Fifth Amendment, *see State v. Settle*, 132 N.H. 626, 630 (1990), we do not engage in a separate federal analysis. *See State v. Ball*, 124 N.H. 226, 232 (1983).

■ It has long been the general rule in this jurisdiction that the State may proceed to trial on more than one charge, when it seeks only one conviction based on a single act or transaction. *See Allison*, 126 N.H. at 113. The general rule is subject to exception, however, when trial upon multiple counts or indictments would prejudice either the defendant's

ability to prepare to meet the charges or the jury's ability to deal with them intelligently and dispassionately. *See id.* at 114. Though the nine temporally narrow indictments were proper themselves, the convictions under them were impermissibly tainted by the inclusion of the temporally broad indictments, making reasonable an inference by the jury that the defendant was charged with more crimes than he actually was. We therefore hold that charging the defendant under both temporally narrow and temporally broad indictments was confusing and compromised the jury's ability to consider the matter intelligently and dispassionately. Accordingly, we reverse the remaining convictions and remand.

The defendant next argues that despite several motions by the defendant to dismiss indictment no. 599, the trial court erroneously deferred ruling upon the motions until the close of evidence. We agree, and hold that the decision to defer granting the motion to dismiss until the close of evidence impermissibly cast the defendant in a negative light, increasing the likelihood of jury prejudice. A review of the record indicates that the State's opening argument, in pertinent part, varied fatally from the facts upon which the indictment was based. Accordingly, the court's decision to wait until the conclusion of the evidence to dismiss the indictment was an unsustainable exercise of discretion. *See State v. Lambert,* 147 N.H. 295, 296 (2001).

Finally, because the issue may arise during retrial, we address the defendant's contention that the trial court engaged in an unsustainable exercise of judicial discretion when it limited his ability to cross-examine the victim concerning her exposure to pornographic videos and sexual paraphernalia. At trial, the court conducted a *Howard* hearing to determine, given the victim's age, if evidence of such exposure, independent of her contact with the defendant, would tend to exculpate the defendant. *See Howard,* 121 N.H. at 59-61.

In *State v. Howard,* we held that the requirement of due process and the right of confrontation limit the application of the rape shield law, RSA 632-A:6 (1996 & Supp. 2001), when evidence of the victim's prior sexual activity with people other than the defendant has probative value in the context of a particular case that outweighs its prejudicial effect on the victim. *See Howard,* 121 N.H. at 59-61; *see also State v. Goulet,* 129 N.H. 348, 351 (1987). In this case, the issue before the trial court concerned the victim's inadvertent exposure to certain videos and paraphernalia. A *Howard* hearing was not required as neither the rape shield law nor the victim's prior sexual activity is at issue in the present matter. Upon retrial,

we leave it to the trial court to determine whether any evidence of the victim's exposure to the challenged materials is admissible.

*Reversed and remanded.*

DALIANIS, J., concurred; GROFF, ABRAMSON and BURLING, JJ., superior court justices, specially assigned under RSA 490:3, concurred.